1  RILEY SAFER HOLMES & CANCILA LLP
   Jeffrey R. Williams (CSB# 084156)
2  *jwilliams@rshc-law.com*
   David W. Kempen (CSB# 345980)
3  *dkempen@rshc-law.com*
   456 Montgomery Street, 16th Floor
4  San Francisco, CA 94104
   Telephone: (415) 275-8550
5  Facsimile: (415) 275-8551

6  Attorneys for Defendants
   *TECHTRONIC INDUSTRIES NORTH*
7  *AMERICA, INC. and HOME DEPOT U.S.A., INC.*

8

9                    UNITED STATES DISTR`ICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  STATE FARM GENERAL INSURANCE       Case No. 2:23-cv-07660
    COMPANY; and STATE FARM MUTUAL
13  AUTOMOBILE INSURANCE COMPANY,      (Orange County Superior Court, Case No.
                                       30-2023-01339609-CU-NP-CJC
14          Plaintiff,
                                       **NOTICE OF REMOVAL OF**
15     v.                              **ACTION UNDER 28 U.S.C. § 1441(b)**
                                       **(DIVERSITY)**
16  TECHTRONIC INDUSTRIES NORTH
    AMERICA, INC., a Delaware corporation;
17  HOME DEPOT U.S.A., INC., a Delaware
    corporation; and DOES 1-20, Inclusive,
18
19          Defendant.

20

21      TO THE CLERK AND THE HONORABLE JUDGES OF THE UNITED STATES

22  DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

23      PLEASE TAKE NOTICE THAT Defendants TECHTRONIC INDUSTRIES NORTH

24  AMERICA, INC.  and HOME DEPOT U.S.A., INC. hereby give notice of removal of the above-

25  entitled civil action from the Superior Court of the State of California, County of Orange, 700

26  Civic Center Drive West, Santa Ana, California 92701, Case No. 30-2023-0133969-CU-NP-CJC,

27  to the United States District Court for the Central District of California. Removal of this case is

28  authorized under 28 U.S.C. § 1441(b), based upon the following facts:

                                      - 1 -

1

**PROCEDURAL HISTORY**

2      1.      On or about July 18, 2023, attorney for Plaintiffs State Farm General Insurance

3  Company and State Farm Mutual Automobile Insurance Company ("Plaintiffs") commenced an

4  action against Defendants by filing with the Clerk of the Orange County Superior Court a

5  summons and complaint.

6  2.      Service of the summons and complaint on Techtronic Industries North America, Inc. was

7  completed on or about August 16, 2023, and service of the summons and complaint on Home

8  Depot U.S.A., Inc. was completed on or about August 15, 2023. True and correct copies of the

9  summons and complaint are attached hereto as Exhibit A.

10      3.      On September 14, 2023, Defendants filed their Answer to Plaintiffs' Complaint in

11  the Orange County Superior Court. A true and correct copy of Defendants' Answer is attached

12  hereto as Exhibit B.

13

**JURISDICTION**

14      4.      Under 28 U.S.C. § 1332, this Court has original jurisdiction of this civil action

15  based on diversity of citizenship of the parties, and Defendants may remove the action to this

16  Court pursuant to 28 U.S.C. § 1441(b).

17

**DIVERSITY OF CITIZENSHIP**

18      5.      Defendants are informed and believe that Plaintiff, State Farm General Insurance

19  Company, is a corporation organized and existing under the laws of the State of Illinois and is

20  and. was, at all times mentioned herein, qualified to do business in the State of California.

21      6.      Defendants are informed and believe that Plaintiff, State Farm Mutual Automobile

22  Insurance Company, is a corporation organized and existing under the laws of the State of Illinois

23  and is and. was, at all times mentioned herein, qualified to do business in the State of California.

24      7.      At the time the action was filed in state court, Home Depot U.S.A, Inc. was, and is,

25  incorporated in the State of Delaware, with its principal place of business in Atlanta, Georgia.

26      8.      At the time the action was filed in state court, Techtronic Industries North

27  America, Inc. was, and is, incorporated in the State of Delaware, with its principal place of

28  business in Anderson, South Carolina.

1

**AMOUNT IN CONTROVERSY**

2      8.      Plaintiffs allege that, as a result of the Defendants' conduct, Plaintiffs have

3   sustained at least $1,362,353.84 in damages.

4      9.      Plaintiffs have pled damages that exceed the sum or value of $75,000, exclusive of

5   interests and costs. Accordingly, this action is properly removable to federal court pursuant to 28

6   U.S.C. §§ 1332 and 1441(a).

7

**TIMELINESS OF REMOVAL**

8      10.      Under 28 U.S.C. § 1446, Defendants' Notice of Removal is timely because it is

9   filed within 30 days of Plaintiff's service of the Complaint on Defendants and within one year of

10   the commencement of this action. *See also* 28 U.S.C. § 1441(b).

11

**SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

12      11.      Promptly following the filing of this Notice of Removal in the United States

13   District Court for the Central District of California, the undersigned will give counsel for

14   Plaintiffs written notice of such filing. A true and correct copy of this notice form is attached

15   hereto as Exhibit C (without attachments). Written notice will also be filed with the Clerk of the

16   Superior Court of the County of Orange. A true and correct copy of this notice form is attached

17   hereto as Exhibit D (without attachments).

18      WHEREFORE, Defendants Techtronic Industries North America, Inc. and Home Depot

19   U.S.A., Inc. respectfully request that this action now pending in the Superior Court of California,

20   County of Orange, be removed to this Court, and that further proceedings in this action be

21   conducted in this Court as provided by law.

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

1

2

3   September 14, 2023                    Respectfully submitted,

4                                         RILEY SAFER HOLMES & CANCILA LLP

5

6                                         By:    /s/ Jeffrey R. Williams
                                                 Jeffrey R. Williams
7                                                David W. Kempen
                                                 Attorneys for Defendants
8                                                TECHTRONIC INDUSTRIES NORTH
                                                 AMERICA, INC. and
9                                                HOME DEPOT U.S.A., INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 08/08/2023 01:46:00 PM.
30-2023-01339609-CU-NP-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By M. Luna, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation;
HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STATE FARM GENERAL INSURANCE COMPANY; and STATE
FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br>Central Justice Center<br>700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2023-01339609-CU-NP-CJC<br><br>Judge Walter Schwarm |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Watkins & Letofsky, LLP, 2900 S. Harbor Blvd., Suite 240, Santa Ana, CA 92704    949-476-9400

| DATE:<br>*(Fecha)* 08/08/2023 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* M. Luna | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

M. Luna
**1201 Hays Street**
Tallahassee, FL 32301

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Techtronic Industries North America, Inc., a Delaware corporation

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)

   [X] other *(specify):* form unknown
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 07/26/2023 05:00:46 PM.
30-2023-01339609-CU-NP-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.

1   Brian S. Letofsky, Esq. (SBN 159232)
2   WATKINS & LETOFSKY, LLP
    2900 S Harbor Boulevard, Suite 240
3   Santa Ana, CA 92704
    Telephone: (949) 476-9400
4   Facsimile: (949) 476-9407

5   Attorney for Plaintiffs, STATE FARM
6   GENERAL INSURANCE COMPANY and
    STATE FARM MUTUAL AUTOMOBILE
7   INSURANCE COMPANY

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11   STATE FARM GENERAL INSURANCE          CASE NO.: 30-2023-01339609-CU-NP-CJC
     COMPANY; and STATE FARM MUTUAL        [Unlimited Civil Case]
12   AUTOMOBILE INSURANCE COMPANY

13                                         SUBROGATION COMPLAINT FOR
                        Plaintiffs,        DAMAGES:
14
         vs.                               1.  Negligence
15                                         2.  Strict Products Liability
16   TECHTRONIC INDUSTRIES NORTH           3.  Breach of Implied Warranties
     AMERICA, INC., a Delaware corporation;
17   HOME DEPOT U.S.A., INC., a Delaware
     corporation; and DOES 1-20, Inclusive,   Assigned for All Purposes
18
                        Defendants.        Judge Walter Schwarm
19

20       COME NOW PLAINTIFFS, STATE FARM GENERAL INSURANCE COMPANY and

21   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter collectively

22   referred to as "Plaintiffs"), who are informed and believe and thereon allege, against the

23   Defendants and DOES 1-20, Inclusive, and each of them, as follows:

24       1.      Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, is a corporation

25   organized and existing under the laws of the State of Illinois and is and was, at all times

26   mentioned herein, qualified to do business in the State of California.

27       2.      Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

28   is a corporation organized and existing under the laws of the State of Illinois and is and was, at

     all times mentioned herein, qualified to do business in the State of California.

                                        - 1 -

     STF.1587/STF.1588/STF.1589    SUBROGATION COMPLAINT FOR DAMAGES

3. Defendant, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation (hereinafter "TECHTRONIC"), is a Delaware corporation, and at all times mentioned herein, was conducting business in the State of California on the date of loss.

4. Defendant, HOME DEPOT U.S.A., INC., a Delaware corporation (hereinafter "HOME DEPOT"), is a Delaware corporation, and at all times mentioned herein, was conducting business in the State of California on the date of loss.

5. Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as DOES 1-20, Inclusive, and therefore sues these defendants by fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, each of the fictitiously named defendants is negligently and/or otherwise responsible in some manner, along with the named defendants, for the occurrences herein alleged, and Plaintiffs' damages as herein alleged, were legally and proximately caused by that negligence and/or other wrongful acts and/or omissions and/or the negligence and/or other acts and/or omissions of both the named and fictitiously named defendants.

6. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, the defendants named in this action, as well as the fictitiously named defendants, and each of them, were agents and employees of the remaining defendants, and in doing the things hereinafter complained of, were acting within the course and scope of such agency and/or employment and with the knowledge and consent of the remaining defendants.

7. Jurisdiction of this court is proper because all acts and omissions alleged herein took place in the City of Huntington Beach, County of Orange, State of California.

8. At all times mentioned herein, Plaintiffs allege thereon that 16851 Marina Bay Drive, Huntington Beach, California, 92649 ("subject property" (also sometimes referred to as "subject residence")) was the private property owned by Plaintiffs' Insureds, Arthur Jan and Bess K. Jeong.

9. At all times mentioned herein, Plaintiffs allege thereon that the silver 2013 Mercedes-Benz E350 STD 2D Convertible (license plate 7BNG832, VIN No.

- 2 -

1   WDDKK5KF8DF211537) (hereinafter "2013 Mercedes") was owned by Plaintiffs' Insureds,
2   Arthur Jan and Bess K. Jeong.

3          10.    At all times mentioned herein, Plaintiffs allege thereon that the 2004 Mercedes-
4   Benz G500 4Matic (license plate 5LTX625, VIN No. WDCYR49E14X155484) (hereinafter
5   "2004 Mercedes") was owned by Plaintiffs' Insured, Arthur Jan.

6          11.    On or about, August 30, 2021, as a result of the improper and illegal acts and/or
7   omissions to act by Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, a
8   fire loss occurred ("fire loss incident") at Plaintiffs' Insureds' subject property when the
9   failed/defective/malfunctioned Ryobi P113 Dual Chemistry Battery Charger (hereinafter
10  "subject charger"), manufactured, designed, distributed, inspected, supplied and/or sold by
11  Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, failed, was defective,
12  malfunctioned and caught fire, resulting in extensive damage to Plaintiffs' Insureds' subject
13  property, including their 2013 Mercedes and their 2004 Mercedes. It should be noted that the
14  manufacturer had issued a recall for the Ryobi P113 Dual Chemistry Battery Chargers, identified
15  by the U.S. Consumer Product Safety Commission on November 5, 2013, under Recall Number
16  14-014. The description of the recall involves the Ryobi model P113 dual chemistry battery
17  chargers designed for use with both NiCd and Li-Ion portable power tool batteries.

18         On or about August 30, 2021, Plaintiffs' Insured, Dr. Jan, was at work. Dr. Jan's wife,
19  Bess, and daughter, Ashley, were in the home when the fire occurred. Dr. Jan stated that his
20  wife was upstairs and his daughter was downstairs. Dr. Jan stated that a smoke detector
21  activated, and his daughter traced an odor of smoke to the garage. She opened the main door to
22  the garage and observed smoke in the garage and flames along the east side of the garage, down
23  low in the area of the storage racks. She then closed the door and alerted her mother. Both of
24  them exited the house and called the fire department. Dr. Jan stated the only item plugged in
25  was the "Ryobi" battery charger. He stated that it was plugged into the outlet in the east wall of
26  the garage. Dr. Jan stated that there was no battery in the charger at the time the fire occurred.
27  Dr. Jan stated that there were a number of other devices on the storage rack. He stated that the
28  fire department asked him about the other wires that were in the same area of the charger, he

1  stated that none of those items were plugged in.

2      12.    As a result of the aforementioned fire loss incident, Plaintiffs' Insureds filed three

3  (3) separate claims for their property losses and damages. The subject property was filed under

4  claim number 75-24B1-47N (STF 1587); the 2013 Mercedes was filed under claim number 75-

5  24C2-04N (STF 1588); and the 2004 Mercedes was filed under claim number 75-24C2-38H

6  (STF 1589).

7      13.    On or about September 1, 2021 and on or about October 22, 2021, Plaintiffs'

8  Origin & Cause Fire Investigator ("O&C expert") conducted scene inspections of the fire loss

9  incident described above. The O&C expert later consulted with Plaintiffs' engineering expert

10  concerning the laboratory inspection of the subject charger on March 28, 2022 and June 14,

11  2022.

12  

13      Plaintiffs' O&C expert has preliminarily concluded the following, as per the report

14  generated on September 17, 2021:

15      "This fire was determined to have originated within the interior of a two-story,
16  single-family dwelling located within the city limits of Huntington Beach, CA. The
   loss structure is located in a residential area and displays the address of 16851
17  Marinabay Dr. The loss structure was constructed with two (2) garages, a single
   car garage and a two (2) car garage. The two (2) car garage located to the north
18  has been identified as the room of origin. Located along the east side of the garage
   were three (3) wired metal storage racks. The storage racks were approximately
19  four (4) feet in width and six (6) feet in height. Each storage rack consisted of six
   (6) wired metal shelves. The middle storage rack has been identified as the area of
20  origin...Located on the fifth shelf down from the top, was a "Ryobi" battery
   charger that was plugged directly into an outlet in the west wall, behind the center
21  storage rack. According to the Insureds, there was no battery in the charger at the
   time the fire occurred. He further indicated that there were no other electrical
22  appliances or devices plugged into the outlet...The remains of the battery charger
   were found to the front side of the fifth shelf down from the top on the center
23  storage rack. Examination of the battery charger revealed it to have sustained
   extensive heat and fire damage. The outer plastic housing was melted and adhered
24  to the metal wired shelf. Some "Yellow" coloring could be seen in a couple of
   areas. The electrical power cord to the "Ryobi" battery charger was still attached
25  to the device but had sustained extensive heat and fire damage. Research on the
   "Ryobi" battery charger indicates that the manufacture had issued a recall for the
26  device identified by the "U.S. Consumer Product Safety Commission": Recall Date
   – November 5, 2013 Recall Number – 14-014 Product - Ryobi P113 Dual Chemistry
27  Battery Charger. Hazard – The charger can malfunction, posing fire and burn

- 4 -
STF.1587/STF.1588/STF.1589    SUBROGATION COMPLAINT FOR DAMAGES

1
2
3
4
5
6

hazards to consumers. Remedy – Replace.  Description – "This recall involves Ryobi model P113 dual chemistry battery chargers designed for use with both NiCd and Li-Ion portable power tool batteries.  Battery chargers included in this recall are green and grey and have "Ryobi" printed in white lettering on the front of the charger.  The model number and date code can be found on the data plate located on the bottom of the charger.  Model P113 chargers with year/week (YY/WW) date codes between 0731-0852 without a nine-digit part number, are included in the recall".  The recall also states that the chargers were sold at "Home Depot" from September 2007 to December 2009.

7
8
9
10
11

The two (2) vehicles located in the garage have been identified as a 2013 E350 MBZ convertible and a 2004 G500 MBZ.  Both vehicles sustained moderate to extensive heat and fire damage.  I found no evidence to suggest the fire originated from either vehicle and spread to the storage racks...Examination of the structures electrical system revealed varying degrees of heat and fire damage.  The receptacle that was supplying power to the "Ryobi" battery charger is located in the east wall behind the center storage rack.

12
13
14
15
16
17
18
19
20

It is this investigator's opinion based on burn patterns and fire scene indicators that the room of origin is the garage.  The area of origin is along the east wall of the garage where three (3) metal wired storage racks were located.  Located on the center rack on the fifth shelf down from the top, was a "Ryobi" battery charger.  The battery charger was plugged into an outlet in the east wall of the garage; however, there was no battery in the charger.  According to the Insureds, there were no other devices or appliances on the shelves that would have been plugged in or energized.  Examination of the storage rack revealed evidence of extensive heat and fire damage, specifically to the center storage rack.  The greatest fire damage to the contents was observed on the center storage rack.  The interior of the garage sustained moderate to extensive smoke, heat and fire damage to the ceiling, walls and contents.  The two (2) vehicles that were located in the garage also sustained moderate to extensive heat and fire damage.  I found no evidence to suggest the vehicles were responsible for the cause of the fire."

21
22
23
24
25

14.   On or about March 28, 2022, Plaintiffs' Engineering Expert ("engineering expert") conducted a non-destructive laboratory inspection of the subject charger.  Said expert later performed a joint destructive laboratory inspection of the subject charger on or about June 14, 2022, with all interested parties present.  The following information is from his report dated August 26, 2022:

26
27
28

"The 03/28/22 non-destructive laboratory inspection, 06/14/22 joint destructive laboratory inspection, review of file material revealed the following:

1. This report should be read in conjunction with the Fire Origin and Cause, Inc. report.  2. The subject fire occurred in an attached garage of a single-

- 5 -

family home. 3. The origin of the fire was found to be at a shelf in the garage. No items were found plugged into any electrical outlet on this side of the garage. The Ryobi charger was resting on a middle shelf. The shelf is situated one shelf up from the bottom shelf. 4. The Ryobi charger was reportedly plugged into a nearby dual outlet receptacle which was retrieved from the scene. 5. The entire incident shelf was retrieved from the scene with the partially melted plastic Ryobi charger still embedded into the wire shelf. 6. The shelf and the other retrieved items were non-destructively examined on 03/28/22. 7. The power cord for the charger was found to be shorted, with arc beading evident on one end. 8. A joint destructive examination of the evidence was conducted on 06/14/22. 9. The retrieved receptacle was inspected. The contacts for the two outlets were inspected. It was found that only the upper outlet was accessed at the time of the fire. The lower outlet was empty. 10. The blades for the plug end were inspected. The blades indicated it was a NEMA 1-15P end and the emblems and other markings matched up with an exemplar charger plug end blades. 11. The wire stranded power cord was inspected. Arcing was found on the ends of several of the strands. 12. Shelf 4 was inspected for evidence of arcing or shorting. None were discovered as the electrical components were found to not be energized at the time of the fire. 13. The Ryobi power cord length was measured. 14. The wire diameter for the incident power cord was measured at 18 AWG, which matches the exemplar Ryobi cord. 15. The charger housing itself was removed from the shelf wires and opened. No battery was found inserted in the charger. A fuse was found and tested/inspected and found to be OPEN. Nothing was found within the charger housing to indicate that it was the origin or cause of the fire. 16. A dryer vent was retrieved from the scene. It was inspected during the joint destructive testing and ruled out as a cause of the fire. 17. The charger power cord wire was listed as a SPT-2 2 cable which is described as a "Service Parallel Thermoplastic with 2/64" Insulation". The insulation is made of PVC, the cable has no jacket, and is listed for "Indoor use only", "Light Duty". This cord is often chosen for a table lamp in a home. The various designations are delineated well on the interpower.com website....18. The construction of a power cable consists of six parts: 1. Conductor (wire) 2. Insulation 3. LAY for Multicore cables only 4. Bedding (inner sheath) 5. Beading / Armouring (if required) 6. Outer Sheath 19. The incident SPT-2 flat power cord did not include a LAY, inner sheath or armour. 20. The outer sheath is the outermost cover of the cable normally made of PVC (Poly Vinyl Chloride), rubber (Various Types of Rubber), and often the same material as the bedding. It is provided over the armour for overall mechanical, weather, chemical, and electrical protection. The outer sheath is the protection offered to the cable, primarily mechanical protection. 21. "Cord damage can also result when the cord is pinched, caught between, or punctured by heavy objects such as legs on a desk. This damage could lead to a short circuit and result in a fire. Also, cords placed under stress, such as when a heavy appliance is hung by its cord, could eventually cause damage to the cord or plug....Each electrical appliance power cord is evaluated by an electrical testing laboratory. Samples are tested to verify that the cord is safe for normal use when following the manufacturer's

instructions." 22. The incident charger was recalled on November 5, 2013 (Recall No. 14-014). Hazard: The charger can malfunction, posing fire and burn hazards to consumers. 23. New Ryobi chargers on the market still have the same SPT-2 power cord employed. Therefore, the above recall likely did not involve the power cord. 24. The Ryobi instructions in a new charger include numerous warnings regarding the power cord, including damage, contact with sharp objects, improper carrying of the charger by the cord, stepping on the cord, heat damage, contact with petroleum-based products, etc.

Based on the file material reviewed, site inspection, laboratory examination of the evidence, and the foregoing, it is my opinion that the incident was caused by an arcing/shorting Ryobi charger power cord. The only viable cause of the fire found at the scene was the only item plugged into an outlet—the inspected Ryobi charger. The charger housing and its components were ruled out at the joint laboratory inspection. However, the power cord was found to have arced/shorted and separated approximately 21 inches from the one end closest to the plug end. This type of damage is indicative of a pinched or otherwise damaged cord that eventually arcs/shorts and ignites nearby combustibles.

It is my opinion that due to the fact that the charger is used to charge batteries for power tools used by contractors, do-it-yourselfers, and others on jobsites and in workshops, garages, outdoors and other places that would increase the likelihood of the cord being pinched, stepped on, tools dropped on it, large items stored on top of it, etc. the cord selected by Ryobi should have been one intended for more rugged on hard usage, such as the cords used for circular saws, drills, reciprocating saws, and the like. Chargers, such as the incident one, are very portable and might be utilized in places that are foreseeably hazardous to the health of the cord. Just as industry or hard usage extension cords are usually made to conform to the SJ classification (hard service) instead of SPT (light duty) cords, Ryobi should have specified an SJ cord rather than a SPT cord.

Further, the warnings in the Ryobi charger instructions make it clear that the Ryobi designers understood that it is foreseeable that the cord might get damaged in a foreseeable manner in settings in which the chargers are typically used. It was therefore incumbent on the Ryobi designer to remove, as much as reasonably possible, the safety hazards associated with the power cord. This could have been reasonably accomplished regarding the power cord by supplying the battery charger with a power cord more conducive to the foreseeable settings in which the charger is often employed. Had a power cord manufactured for hard service, such as an SJ classification rather than a SPT (lamp) cord classification, the fire would likely not have occurred as it did.

It is my concluding opinion that the fire damage to the garage was due to an inadequate power cord supplied with the Ryobi battery charger. Had the power cord been one that would better withstand foreseeable pinch hazards in

garage, jobsite, and workshop settings, such as pinching, crushing, etc., the fire would not have occurred as it did."

15.     The fire loss incident described above was caused by the failed/defective/malfunctioned subject charger manufactured, designed, distributed, inspected, supplied and/or sold by Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive.  This fire loss incident resulted in extensive damage to the structure, the personal property of Plaintiffs' Insureds and loss of use of their subject property, including the damages and loss of use of their 2013 Mercedes and 2004 Mercedes.

16.     Plaintiffs' Insureds had purchased several policies of insurance with Plaintiffs prior to the above-described fire loss incident.  Plaintiffs fulfilled their obligations pursuant to the insurance agreements ("the Policies") between Plaintiffs and their Insureds and Plaintiffs reimbursed their Insureds for the structure, personal property loss of use damage for the subject residence and fair market value for their 2013 Mercedes and 2004 Mercedes from this fire loss incident.

17.     Plaintiffs, STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, are informed and believe, and thereon allege, that the fire loss incident that occurred in Plaintiffs' Insureds' subject property, causing damages and losses to said subject property, as well as damages and losses to the 2013 Mercedes and 2004 Mercedes, was caused by the failed/defective/malfunctioned subject charger and the improper actions and/or omissions to act of Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive.

## FIRST CAUSE OF ACTION FOR NEGLIGENCE

**[Against Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-20, Inclusive]**

18.     Plaintiffs incorporate by reference paragraphs 1 through 17 as though fully set forth herein.

//

- 8 -

19.     Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, had a duty to use reasonable care with respect to the manufacture, design, distribution, inspection, supply and sale of the failed/defective/malfunctioned subject charger, and/or its component parts.

20.     Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, negligently manufactured, designed, distributed, inspected, supplied and/or sold the failed/defective/malfunctioned subject charger, and/or its component parts, and/or negligently failed to issue adequate instruction or warnings regarding the failed/defective/malfunctioned subject charger, and/or its component parts, such that the failed/defective/malfunctioned subject charger, and/or its component parts, left Defendants' possession or control in a defective condition, with manufacturing and/or design defects and/or insufficient instruction or warning of safety hazards and/or installation instructions of the failed/defective/malfunctioned subject charger, and/or its component parts. A manufacturer, designer, distributer, inspector, supplier and seller is negligent if it fails to use the amount of care in manufacturing, designing, distributing, inspecting, supplying, and/or selling the product that a reasonably careful manufacturer, designer, distributer, inspector, supplier and/or seller would use in similar circumstances to avoid exposing others to a foreseeable risk of harm. In determining whether Defendants used reasonable care, a trier of fact shall balance what Defendants knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.

21.     The afore-described improper acts and/or omissions to act by the Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, was the legal and proximate cause of damages to Plaintiffs' Insureds and to Plaintiffs.

22.     The afore-described improper acts and/or omissions to act by the Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, was a substantial factor in causing harm to Plaintiffs' Insureds and to Plaintiffs.

23.     As a result of the negligence by Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation, HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1-20, Inclusive, Plaintiffs' Insureds sustained at least $1,362,353.84 in damages, and the damage amount is continuing and will further be pled at the time of trial.

1   Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, indemnified its Insureds for

2   remediation, repairs, replacement and/or loss of use of the subject property and paid on behalf of its

3   Insureds the principal amount of $1,189,618.11, to date, for the residential property damage, and

4   further monetary damages are expected and will be according to proof. The principal amount

5   includes Plaintiff's Insureds' $7,549.00 deductible under their insurance policy with STATE

6   FARM GENERAL INSURANCE COMPANY, which is recoverable under the Insureds'

7   respective policy of insurance and included under Coverage A. STATE FARM GENERAL

8   INSURANCE COMPANY paid for dwelling damages under Coverage A, for personal property

9   damages under Coverage B and for loss of use under Coverage C.

10   **Insurance Benefits to Date: Subject Property/75-24B1-47N:** $1,189,618.11

11         Coverage A: Dwelling:       $692,568.51
      ($7,549.00 ded. incl. in Cov A)

12         Coverage B: Personal Property   $ 92,392.83

13         Coverage C: Loss of Use     $404,656.77

      7% Pre-judgment interest to date        $   99,652.81

14   **Total Subject Property/75-24B1-47N to date:**    **$ 1,289,270.92**

15   Plaintiff STATE FARM GENERAL INSURANCE COMPANY is also seeking pre-judgment

16

17   interest from the date of each insurance payment through October 1, 2023, which totals $99,652.81

18   to date, and increasing daily at a rate of seven percent (7%) per annum.

19         In addition to the residential claim, as described above, two (2) separate vehicles were

20   damaged in the fire loss incident. Plaintiff, STATE FARM MUTUAL AUTOMOBILE

21   INSURANCE COMPANY, indemnified its Insureds for the fair market value of their vehicles and

22

23   paid on behalf of its Insureds for each of the two (2) claims the principal amounts of: $26,909.79

24   for the 2013 Mercedes and $41,501.34 for the 2004 Mercedes. The sums paid for each of the two

25   (2) claims is broken down as follows:

26   **Insurance Benefits to Date 2013 Mercedes/75-24C2-04N:** $  26,909.79

27         ($1,000.00 Insureds' deductible included)

      7% Pre-judgement interest to date     $   2,078.96

28   **Total 2013 Mercedes/75-24C2-04N to date:**      **$   28,988.75**

STF.1587/STF.1588/STF.1589   SUBROGATION COMPLAINT FOR DAMAGES

| | | |
|---|---|---|
| **Insurance Benefits to Date 2004 Mercedes/75-24C2-38H:** | $ | 41,501.34 |
| ($1,000.00 Insureds' deductible included) | | |
| 7% Pre-judgement interest to date | $ | 1,792.83 |
| **Total 2004 Mercedes/75-24C2-38H to date:** | $ | **43,294.17** |
| Approximate litigation costs to date: | $ | 800.00 |
| **Total Residential, 2013 Mercedes & 2004 Mercedes to Date:** | | **$1,362,353.84** |

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is also seeking pre-judgment interest on each of the two (2) vehicle claims from the date of each insurance payment through October 1, 2023, which is broken down as follows: $2,078.96 for the 2013 Mercedes and $1,792.83 for the 2004, to date, and increasing daily at a rate of seven percent (7%) per annum.

Plaintiffs are seeking litigation costs which to date total approximately $800 for filing and service of process for this Complaint. Plaintiffs are seeking pre-judgment interest on this matter as a result of clear liability against the Defendants, who on behalf of themselves or via their own insurance carrier could have handled the claims of Plaintiffs' Insureds, but instead required Plaintiff's Insureds to file a first-party insurance claim with their own insurance carriers.

Thus, the damage claims to date of Plaintiffs STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY collectively are at least $1,362,353.84 and increasing daily. Plaintiffs fulfilled their obligations pursuant to the insurance agreements between Plaintiffs and Plaintiffs' Insureds for the damage and losses to the subject property, as well as the damages and losses to the 2013 Mercedes and 2004 Mercedes. Plaintiffs now seek recovery, by way of a subrogation claim, for all damages Plaintiffs paid to or on behalf of their Insureds, plus other miscellaneous damages, costs, expert fees and pre-judgment interest from the date of loss, according to proof at trial.

## SECOND CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY

### [Against Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-20, Inclusive]

//

STF.1587/STF.1588/STF.1589    SUBROGATION COMPLAINT FOR DAMAGES

1        24.     Plaintiffs incorporate by reference paragraphs 1 through 23 as though fully set forth

2    herein.

3        25.     Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive,

4    manufactured, designed, distributed, inspected, supplied and/or sold the

5    failed/defective/malfunctioned subject charger, and/or its component parts, such that the subject

6    charger contained manufacturing defects, insufficient instructions and/or warnings of potential

7    safety hazards and/or design defects when the subject charger left said Defendants' possession or

8    control.

9        26.     The failed/defective/malfunctioned subject charger, and/or its component parts,

10   contained a manufacturing defect (a product contains a manufacturing defect if the product differs

11   from the manufacturers' designs or specifications or from other typical units of the same product

12   line) and/or design defect [(Consumer Expectation Test - that the failed/defective/malfunctioned

13   subject charger, and/or its component parts, did not perform as safely as an ordinary consumer

14   would have expected it to perform when used or misused in an intended or reasonably foreseeable

15   way) or (Risk Benefit Test – once Plaintiffs prove all of the following:  1. That Defendants

16   manufactured/distributed/sold the product; 2. That Plaintiffs were harmed; and 3. That the product

17   design was a substantial factor in causing harm to Plaintiffs, then Plaintiffs prevail unless

18   Defendants prove that the benefits of the product's design outweigh the risks of the product's

19   design, considering the following factors: (a) the gravity of the potential harm resulting from the

20   use of the product; (b) the likelihood that this harm would occur; (c) the feasibility of an alternative

21   safer design at the time of manufacture; (d) the cost of an alternative design; (e) the disadvantages

22   of an alternative design; and (f)  any other relevant factors)] when it left the possession of

23   Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, and failed to issue

24   adequate instructions or warnings regarding the failed/defective/malfunctioned subject charger,

25   and/or its component parts (1. That Defendants manufactured/ distributed/ inspected/ sold the

26   subject charger;  2. That the subject charger had potential risks that were known or knowable in

27   light of the scientific knowledge that was generally accepted in the scientific community at the time

28   of manufacture/distribution/sale; 3. That the potential risks presented a substantial danger when the

- 12-

1   subject charger is used or misused in an intended or reasonably foreseeable way; 4. That ordinary
2   consumers would not have recognized the potential risks; 5. That Defendants failed to adequately
3   warn or instruct of the potential risks;  6.  That Plaintiffs were harmed; and 7. That the lack of
4   sufficient instructions or warnings was a substantial factor in causing Plaintiffs' harm).
5        27.     Plaintiffs' Insureds were the users of the failed/defective/malfunctioned subject
6   charger, and/or its component parts.
7        28.     At the time of the incident described herein, the subject charger was being used in
8   the manner intended by Defendants, and/or in a reasonably foreseeable manner, and/or misused in a
9   reasonably foreseeable manner.
10       29.     The afore-described improper acts and/or omissions to act by Defendants,
11  TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, was the legal and proximate cause of
12  damages to Plaintiffs' Insureds and to Plaintiffs.
13       30.     The afore-described improper acts and/or omissions to act by Defendants,
14  TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, was a substantial factor in causing
15  harm to Plaintiffs' Insureds and to Plaintiffs.
16       31.     As a result of the strict products liability by Defendants, TECHTRONIC
17  INDUSTRIES NORTH AMERICA, INC., a Delaware corporation, HOME DEPOT U.S.A.,
18  INC., a Delaware corporation, and DOES 1-20, Inclusive, Plaintiffs' Insureds sustained at least
19  $1,362,353.84 in damages, and the damage amount is continuing and will further be pled at the
20  time of trial. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, indemnified its
21  Insureds for remediation, repairs, replacement and/or loss of use of the subject property and paid
22  on behalf of its Insureds the principal amount of $1,189,618.11, to date, for the residential property
23  damage, and further monetary damages are expected and will be according to proof. The principal
24  amount includes Plaintiff's Insureds' $7,549.00 deductible under their insurance policy with
25  STATE FARM GENERAL INSURANCE COMPANY, which is recoverable under the Insureds'
26  respective policy of insurance and included under Coverage A.  STATE FARM GENERAL
27  INSURANCE COMPANY paid for dwelling damages under Coverage A, for personal property
28  damages under Coverage B and for loss of use under Coverage C.

- 13-

**Insurance Benefits to Date: Subject Property/75-24B1-47N: $1,189,618.11**
    Coverage A: Dwelling:        $692,568.51
    ($7,549.00 ded. incl. in Cov A)
    Coverage B: Personal Property    $ 92,392.83
    Coverage C: Loss of Use       $404,656.77
    7% Pre-judgment interest to date      $    99,652.81
**Total Subject Property/75-24B1-47N to date:    $ 1,289,270.92**

Plaintiff STATE FARM GENERAL INSURANCE COMPANY is also seeking pre-judgment interest from the date of each insurance payment through October 1, 2023, which totals $99,652.81 to date, and increasing daily at a rate of seven percent (7%) per annum.

In addition to the residential claim, as described above, two (2) separate vehicles were damaged in the fire loss incident. Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, indemnified its Insureds for the fair market value of their vehicles and paid on behalf of its Insureds for each of the two (2) claims the principal amounts of: $26,909.79 for the 2013 Mercedes and $41,501.34 for the 2004 Mercedes. The sums paid for each of the two (2) claims is broken down as follows:

**Insurance Benefits to Date 2013 Mercedes/75-24C2-04N:** $  26,909.79
    ($1,000.00 Insureds' deductible included)
    7% Pre-judgement interest to date      $    2,078.96
**Total 2013 Mercedes/75-24C2-04N to date:**          $    28,988.75

**Insurance Benefits to Date 2004 Mercedes/75-24C2-38H:** $  41,501.34
    ($1,000.00 Insureds' deductible included)
    7% Pre-judgement interest to date      $    1,792.83
**Total 2004 Mercedes/75-24C2-38H to date:**          $    43,294.17
    Approximate litigation costs to date:      $      800.00
**Total Residential, 2013 Mercedes & 2004 Mercedes to Date:**    **$1,362,353.84**

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is also seeking pre-judgment interest on each of the two (2) vehicle claims from the date of each insurance payment through October 1, 2023, which is broken down as follows: $2,078.96 for the 2013

- 14 -

1  Mercedes and $1,792.83 for the 2004, to date, and increasing daily at a rate of seven percent (7%)
2  per annum.

3           Plaintiffs are seeking litigation costs which to date total approximately $800 for filing and
4  service of process for this Complaint. Plaintiffs are seeking pre-judgment interest on this matter as
5  a result of clear liability against the Defendants, who on behalf of themselves or via their own
6  insurance carrier could have handled the claims of Plaintiffs' Insureds, but instead required
7  Plaintiff's Insureds to file a first-party insurance claim with their own insurance carriers.

8  Thus, the damage claims to date of Plaintiffs STATE FARM GENERAL INSURANCE
9  COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
10 collectively are at least $1,362,353.84 and increasing daily. Plaintiffs fulfilled their obligations
11 pursuant to the insurance agreements between Plaintiffs and Plaintiffs' Insureds for the damage and
12 losses to the subject property, as well as the damages and losses to the 2013 Mercedes and 2004
13 Mercedes. Plaintiffs now seek recovery, by way of a subrogation claim, for all damages Plaintiffs
14 paid to or on behalf of their Insureds, plus other miscellaneous damages, costs, expert fees and pre-
15 judgment interest from the date of loss, according to proof at trial.

16          **THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTIES**
17        **[Against Defendants, TECHTRONIC INDUSTRIES NORTH AMERICA, INC., a**
18  **Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES**
19                                    **1-20, Inclusive]**

20         32.    Plaintiffs incorporate by reference paragraphs 1 through 31 as though fully set forth
21 herein.

22         33.    Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive,
23 manufactured,     designed,     distributed,     inspected,     supplied     and/or     sold     the
24 failed/defective/malfunctioned subject charger, and/or its component parts, such that the subject
25 charger contained manufacturing defects, insufficient instructions and/or warnings of potential
26 safety hazards and/or design defects when the subject charger left said Defendants' possession or
27 control.

28 //

                                                  - 15-

34.   As a result, Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, breached the implied warranty of merchantability.  The failed/defective/malfunctioned subject charger, and/or its component parts, was located and in use at Plaintiffs' Insureds' subject property, and at the time, Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, were in the business of manufacturing, designing, distributing, inspecting, supplying and/or selling these goods and/or held itself out as having special knowledge or skill regarding these goods; the failed/defective/malfunctioned subject charger, and/or its component parts, was not of the same quality as those generally acceptable in the trade; and/or was not fit for the ordinary purposes for which such goods are used.

35.   As a result, Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, breached the Implied Warranty of Fitness for a Particular purpose.   The failed/defective/malfunctioned subject charger, and/or its component parts, was located and in use at Plaintiffs' Insureds' subject property and at the time, Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, knew or had reason to know that consumers intended to use the failed/defective/malfunctioned subject charger, and/or its component parts, for a particular purpose and that Plaintiffs' Insureds was relying on the skill and judgment of Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, to furnish a functional subject charger, and/or its component parts, that were suitable for the particular purpose; and Plaintiffs' Insureds justifiably relied on Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, skill and judgment and that the subject charger, and/or its component parts, was not suitable for its particular purpose when it failed/ and/or was defective and/or malfunctioned and caused a fire loss incident to occur at Plaintiffs' Insureds' subject property.

36.   The afore-described improper acts and/or omissions to act by the Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, was the legal and proximate cause of damages to Plaintiffs' Insureds and to Plaintiffs.

37.   The afore-described improper acts and/or omissions to act by Defendants, TECHTRONIC, HOME DEPOT, and DOES 1-20, Inclusive, was a substantial factor in causing harm to Plaintiffs' Insureds and to Plaintiffs.

- 16-

1        38.    As a result of the breach of implied warranties by Defendants, TECHTRONIC

2  INDUSTRIES NORTH AMERICA, INC., a Delaware corporation, HOME DEPOT U.S.A.,

3  INC., a Delaware corporation, and DOES 1-20, Inclusive, Plaintiffs' Insureds sustained at least

4  $1,362,353.84 in damages, and the damage amount is continuing and will further be pled at the

5  time of trial. Plaintiff, STATE FARM GENERAL INSURANCE COMPANY, indemnified its

6  Insureds for remediation, repairs, replacement and/or loss of use of the subject property and paid

7  on behalf of its Insureds the principal amount of $1,189,618.11, to date, for the residential property

8  damage, and further monetary damages are expected and will be according to proof. The principal

9  amount includes Plaintiff's Insureds' $7,549.00 deductible under their insurance policy with

10  STATE FARM GENERAL INSURANCE COMPANY, which is recoverable under the Insureds'

11  respective policy of insurance and included under Coverage A. STATE FARM GENERAL

12  INSURANCE COMPANY paid for dwelling damages under Coverage A, for personal property

13  damages under Coverage B and for loss of use under Coverage C.

14  **Insurance Benefits to Date: Subject Property/75-24B1-47N: $1,189,618.11**

| | | |
|---|---|---|
| Coverage A: Dwelling: | $692,568.51 | |
| ($7,549.00 ded. incl. in Cov A) | | |
| Coverage B: Personal Property | $ 92,392.83 | |
| Coverage C: Loss of Use | $404,656.77 | |
| 7% Pre-judgment interest to date | | $ 99,652.81 |
| **Total Subject Property/75-24B1-47N to date:** | | **$ 1,289,270.92** |

19  Plaintiff STATE FARM GENERAL INSURANCE COMPANY is also seeking pre-judgment

20  interest from the date of each insurance payment through October 1, 2023, which totals $99,652.81

21  to date, and increasing daily at a rate of seven percent (7%) per annum.

23        In addition to the residential claim, as described above, two (2) separate vehicles were

24  damaged in the fire loss incident. Plaintiff, STATE FARM MUTUAL AUTOMOBILE

25  INSURANCE COMPANY, indemnified its Insureds for the fair market value of their vehicles and

26  paid on behalf of its Insureds for each of the two (2) claims the principal amounts of: $26,909.79

27  for the 2013 Mercedes and $41,501.34 for the 2004 Mercedes. The sums paid for each of the two

(2) claims is broken down as follows:

**Insurance Benefits to Date 2013 Mercedes/75-24C2-04N:** $   26,909.79
       ($1,000.00 Insureds' deductible included)
       7% Pre-judgement interest to date         $    2,078.96
**Total 2013 Mercedes/75-24C2-04N to date:**           $   28,988.75

**Insurance Benefits to Date 2004 Mercedes/75-24C2-38H:** $   41,501.34
       ($1,000.00 Insureds' deductible included)
       7% Pre-judgement interest to date         $    1,792.83
**Total 2004 Mercedes/75-24C2-38H to date:**       $   43,294.17
       Approximate litigation costs to date:         $       800.00
**Total Residential, 2013 Mercedes & 2004 Mercedes to Date:**    $1,362,353.84

Plaintiff, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is also seeking pre-judgment interest on each of the two (2) vehicle claims from the date of each insurance payment through October 1, 2023, which is broken down as follows: $2,078.96 for the 2013 Mercedes and $1,792.83 for the 2004, to date, and increasing daily at a rate of seven percent (7%) per annum.

Plaintiffs are seeking litigation costs which to date total approximately $800 for filing and service of process for this Complaint. Plaintiffs are seeking pre-judgment interest on this matter as a result of clear liability against the Defendants, who on behalf of themselves or via their own insurance carrier could have handled the claims of Plaintiffs' Insureds, but instead required Plaintiff's Insureds to file a first-party insurance claim with their own insurance carriers. Thus, the damage claims to date of Plaintiffs STATE FARM GENERAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY collectively are at least $1,362,353.84 and increasing daily. Plaintiffs fulfilled their obligations pursuant to the insurance agreements between Plaintiffs and Plaintiffs' Insureds for the damage and losses to the subject property, as well as the damages and losses to the 2013 Mercedes and 2004 Mercedes. Plaintiffs now seek recovery, by way of a subrogation claim, for all damages Plaintiffs paid to or on behalf of their Insureds, plus other miscellaneous damages, costs, expert fees and pre-judgment interest from the date of loss, according to proof at trial.

1

### PRAYER

2    WHEREFORE, Plaintiffs pray for judgment against Defendants, TECHTRONIC

3  INDUSTRIES NORTH AMERICA, INC., a Delaware corporation, HOME DEPOT U.S.A.,

4  INC., a Delaware corporation, and DOES 1-20, Inclusive, as follows:

5    1.    For all damages legally caused by Defendants' acts or omissions; in the amount of

6  $1,362,353.84, and continuing, according to proof at trial;

7    **STATE FARM GENERAL INSURANCE COMPANY**

8    **Total Net Claim to Date: Subject Property/75-24B1-47N:**      $1,189,618.11

9    Coverage A: Dwelling:                $692,568.51

10    ($7,549.00 Insureds' deductible included in Coverage A)

11    Coverage B: Personal Property        $ 92,392.83

12    Coverage C: Loss of Use              $404,656.77

13    7% Pre-judgment interest to date                     $    99,652.81

14    **Total Subject Property/75-24B1-47N to date:**          **$1,289,270.92**

15

16    **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

17    **Total Net Claim to Date 2013 Mercedes/75-24C2-04N:**   $   26,909.79

18    ($1,000.00 Insureds' deductible included)

19    7% Pre-judgement interest to date                    $    2,078.96

20    **Total 2013 Mercedes/75-24C2-04N to date:**             $   28,988.75

21

22    **Total Net Claim to Date 2004 Mercedes/75-24C2-38H:**   $   41,501.34

23    ($1,000.00 Insureds' deductible included)

24    7% Pre-judgement interest to date                    $    1,792.83

25    **Total 2004 Mercedes/75-24C2-38H to date:**             $    43,294.17

26    Approximate litigation costs to date:                $       800.00

27    **Total Subject Property, 2013 Mercedes, 2004 Mercedes to date:**   **$1,362,353.84**

28    2.    For continuing costs of suit incurred by Plaintiffs herein;

1    3.    For continuing expert fees;

2    4.    For continuing pre-judgment interest according to proof; and

3    5.    For any and all such relief as the court may deem just and proper.

4   Dated: July 2̸8̸, 2023                        Respectfully,

5                                                 WATKINS & LETOFSKY, LLP

6

7                                                 BRIAN S. LETOFSKY, ESQ.

8                                                 Attorney for Plaintiffs, STATE FARM
                                                  GENERAL INSURANCE COMPANY and
9                                                 STATE FARM MUTUAL AUTOMOBILE
                                                  INSURANCE COMPANY
10

11   STF.1587/STF.1588/STF.1589-State Farm General Insurance Company v. Techtronic Industries, et al.\\Complaint.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STF.1587/STF.1588/STF.1589    SUBROGATION COMPLAINT FOR DAMAGES

Electronically Filed by Superior Court of California, County of Orange, 07/28/2023 05:00:46 PM.
30-2023-01339609-CU-NP-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian S. Letofsky, Esq. (SBN 159232) WATKINS & LETOFSKY, LLP<br>2900 S Harbor Blvd., Suite 240, Santa Ana, CA 92704<br><br>TELEPHONE NO.: (949) 476-9400    FAX NO. *(Optional):* (949) 476-9407<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Plaintiff, State Farm General Insurance Company | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE COUNTY
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

CASE NAME:
STATE FARM v. TECHTRONIC INDUSTRIES, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2023-01339609-CU-NP-CJC |
| | | | | JUDGE: Judge Walter Schwarm<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[x] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 3: Negligence; Strict Products Liability; Breach of Implied Warranties
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 28, 2023
Brian S. Letofsky, Esq.
_____
(TYPE OR PRINT NAME)          ▶ *(signature)*          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                      CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# EXHIBIT B

1    RILEY SAFER HOLMES & CANCILA LLP
     Jeffrey R. Williams (CSB# 084156)
2    *jwilliams@rshc-law.com*
     David W. Kempen (CSB# 345980)
3    *dkempen@rshc-law.com*
     456 Montgomery Street, 16th Floor
4    San Francisco, CA 94104
     Telephone: (415) 275-8550
5    Facsimile: (415) 275-8551

6    Attorneys for Defendants
     TECHTRONIC INDUSTRIES NORTH
7    AMERICA, INC. and HOME DEPOT U.S.A., INC.

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12   STATE FARM GENERAL INSURANCE              Case No. 30-2023-01339609-CU-NP-
     COMPANY; and STATE FARM MUTUAL            CJC
13   AUTOMOBILE INSURANCE COMPANY,

14                      Plaintiff,             **DEFENDANTS' ANSWER TO
                                               PLAINTIFFS' SUBROGATION
15            v.                               COMPLAINT FOR DAMAGES**

16   TECHTRONIC INDUSTRIES NORTH               **DEMAND FOR JURY TRIAL**
     AMERICA, INC., a Delaware corporation;
17   HOME DEPOT U.S.A., INC., a Delaware
     corporation; and DOES 1-20, Inclusive,,
18

19                      Defendant.

20

21

22        Defendants TECHTRONIC INDUSTRIES NORTH AMERICA, INC. and HOME

23   DEPOT U.S.A., INC. ("Defendants") hereby answer Plaintiffs STATE FARM GENERAL

24   INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE

25   COMPANY'S ("Plaintiffs") unverified Complaint for Damages and allege as follows.

26                              **GENERAL DENIAL**

27        Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny,

28   generally and specifically, each and every allegation of Plaintiffs' unverified complaint and each

                                        - 1 -
     DEFENDANTS' ANSWER TO PLAINTIFFS' SUBROGATION COMPLAINT FOR DAMAGES AND
                              DEMAND FOR JURY TRIAL

and every cause of action purportedly stated therein. Defendants further deny that Plaintiffs have been damaged in the sums or manner alleged, or in any way at all, by reason of any act or omission on the part of the Defendants or any of Defendants' officers, agents, or employees. Defendants further deny that they are in any way liable to Plaintiffs or that Defendants or any of their officers, agents, or employees failed to act so as to be the legal cause of any damage to Plaintiffs.

As and for their affirmative defenses, Defendants allege as follows:

## **AFFIRMATIVE DEFENSES**

Defendants allege the following additional reasons that Plaintiffs are not entitled to recover anything on their Complaint. By designating these affirmative defenses, Defendants do not waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein.

## **Failure to State a Claim for Relief**

The Complaint, and each cause of action alleged therein, fails to state a claim for which relief can be granted.

## **Comparative Fault**

Plaintiffs, including any person whose negligent acts or omissions are imputed to Plaintiffs, were negligent in and about the matters alleged in the Complaint and in each alleged cause of action. This negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event Plaintiffs are entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiffs and any person whose negligent acts or omissions are imputed to Plaintiffs.

## **Fault of Others**

Any loss, injury, or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of parties whom Defendants neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendants.

1

## **Superseding Cause**

2        Plaintiffs' damages, if any, were caused by intervening, superseding causes or

3   circumstances and were not proximately caused by Defendants.

4       ### **Failure to Use Product in Intended or Foreseeable Manner**

5        Plaintiffs' damages, if any, were proximately caused or contributed to by the

6   unforeseeable misuse, misapplication, abuse, and/or alteration of the product at issue in this

7   action.

8              ## **Non-Defective Product**

9        The product at issue in this action was reasonably fit for the use for which it was intended.

10                 ## **State of the Art**

11        At the time Defendants placed the product in question into the stream of commerce, if at

12   all, said product conformed to the state of the art applicable to such product at the time.

13          ## **Compliance with Safety Standards**

14        At the time Defendants placed the product in question into the stream of commerce, if at

15   all, said product complied with all applicable standards, statutes, and regulations existing at the

16   time of manufacture that prescribed standards for design, inspection, testing, manufacture,

17   labeling, packaging, warning, or instructions for the use of the product.

18             ## **Reasonableness of Actions**

19        All actions by Defendants regarding the design, manufacture, marketing, and sale of the

20   product in question were reasonable, prudent, and undertaken in good faith.

21              ## **Disclaimer of Warranty**

22        Plaintiffs are barred from recovery based on any theory of breach of implied warranty

23   because Defendants disclaimed any such warranty.

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' SUBROGATION COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

**<u>Failure to Mitigate</u>**

Plaintiffs failed to exercise due diligence to mitigate Plaintiffs' damages. Accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages that would have otherwise been mitigated.

**<u>Setoff</u>**

Defendants' liability, if any, shall be set off and reduced based upon any recoveries, payments, awards, and/or judgments obtained from any other party or entity for any injury or damage claimed in Plaintiffs' lawsuit.

WHEREFORE, Defendants pray that judgment be entered against Plaintiffs and in favor of Defendants as follows:

1.     That Plaintiffs take nothing by way of their Complaint;

2.     That the Complaint and each purported cause of action therein be dismissed in its entirety, with prejudice;

3.     That judgment be entered in favor of Defendants and against Plaintiffs;

4.     That the Court award Defendants their costs of suit incurred in the defense of this action, including reasonable attorneys' fees, to the extent authorized by applicable law; and

5.     That the Court award Defendants such other and further relief as it may deem just and proper.

September 14, 2023                                        Respectfully submitted,

                                                         RILEY SAFER HOLMES & CANCILA LLP


                                                         By: _____
                                                         David W. Kempen
                                                         Jeffrey R. Williams
                                                         Attorneys for Defendants
                                                         TECHTRONIC INDUSTRIES NORTH
                                                         AMERICA, INC. and HOME DEPOT
                                                         U.S.A., INC.

1

**DEMAND FOR JURY TRIAL**

2
     Defendants Techtronic Industries North America, Inc. and Home Depot U.S.A.,

3
Inc. hereby demand a jury trial in the above-entitled action as to all issues so triable.

4

5

6
September 14, 2023                              Respectfully submitted,

7
                                               RILEY SAFER HOLMES & CANCILA LLP

8

9
                                               By: _____

10
                                                   David W. Kempen
                                                   Jeffrey R. Williams
                                                   Attorneys for Defendant
11
                                                   TECHTRONIC INDUSTRIES NORTH
                                                   AMERICA, INC. and HOME DEPOT
12
                                                   U.S.A., INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' SUBROGATION COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

# EXHIBIT C

1   RILEY SAFER HOLMES & CANCILA LLP
    Jeffrey R. Williams (CSB# 084156)
2   *jwilliams@rshc-law.com*
    David W. Kempen (CSB# 345980)
3   *dkempen@rshc-law.com*
    456 Montgomery Street, 16th Floor
4   San Francisco, CA 94104
    Telephone: (415) 275-8550
5   Facsimile: (415) 275-8551

6   Attorneys for Defendants
    TECHTRONIC INDUSTRIES NORTH
7   AMERICA, INC. and HOME DEPOT U.S.A., INC.

8

9                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12  STATE FARM GENERAL INSURANCE          Case No. 30-2023-01339609-CU-NP-CJC
    COMPANY; and STATE FARM MUTUAL
13  AUTOMOBILE INSURANCE COMPANY,
                                          **NOTICE TO ADVERSE PARTY OF**
14             Plaintiff,                 **REMOVAL OF ACTION**

15      v.

16  TECHTRONIC INDUSTRIES NORTH
    AMERICA, INC., a Delaware corporation;
17  HOME DEPOT U.S.A., INC., a Delaware
    corporation; and DOES 1-20, Inclusive,
18

19             Defendant.

20

21         TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

23  United States District Court for the Central District of California on September 14, 2023. A copy

24  of the Notice of Removal is attached hereto as Exhibit A.

25  //

26  //

27  //

28  //

                                        - 1 -
                            NOTICE OF INTERESTED PARTIES

1   September 14, 2023                          Respectfully submitted,

2                                               RILEY SAFER HOLMES & CANCILA LLP

3

4                                               By: _____

5                                                   David Kempen
                                                    Jeffrey R. Williams
6                                                   Attorneys for Defendants
                                                    TECHTRONIC INDUSTRIES NORTH
7                                                   AMERICA, INC. and
                                                    HOME DEPOT U.S.A., INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 2 -

# EXHIBIT D

1 | RILEY SAFER HOLMES & CANCILA LLP
Jeffrey R. Williams (CSB# 084156)
2 | *jwilliams@rshc-law.com*
David W. Kempen (CSB# 345980)
3 | *dkempen@rshc-law.com*
456 Montgomery Street, 16th Floor
4 | San Francisco, CA 94104
Telephone: (415) 275-8550
5 | Facsimile: (415) 275-8551

6 | Attorneys for Defendants
TECHTRONIC INDUSTRIES NORTH
7 | AMERICA, INC. and HOME DEPOT U.S.A., INC.

8

9 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11

12 | STATE FARM GENERAL INSURANCE | Case No. 30-2023-01339609-CU-NP-CJC
COMPANY; and STATE FARM MUTUAL
13 | AUTOMOBILE INSURANCE COMPANY,
| **NOTICE TO CLERK OF SUPERIOR**
14 | Plaintiff, | **COURT OF REMOVAL OF ACTION**

15 | v.

16 | TECHTRONIC INDUSTRIES NORTH
AMERICA, INC., a Delaware corporation;
17 | HOME DEPOT U.S.A., INC., a Delaware
corporation; and DOES 1-20, Inclusive,
18

19 | Defendant.

20

21 | TO THE CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF

22 | ORANGE:

23 | PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

24 | United States District Court for the Central District of California on September 14, 2023. A copy

25 | of the Notice of Removal is attached hereto as Exhibit A.

26 | //

27 | //

28 | //

- 1 -

1

2      September 14, 2023                              Respectfully submitted,

3                                                      RILEY SAFER HOLMES & CANCILA LLP

4

5                                                      By: _____

6                                                          David W. Kempen
                                                           Jeffrey R. Williams
7                                                          Attorneys for Defendants
                                                           TECHTRONIC INDUSTRIES NORTH
8                                                          AMERICA, INC. and
                                                           HOME DEPOT U.S.A., INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**PROOF OF SERVICE**

I, the undersigned, certify and declare as follows:

I am over the age of eighteen years and not a party to this action. My business address is 456 Montgomery Street, 16th Floor, San Francisco, California. On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

☑ **BY MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States Mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

☑ **BY E-MAIL**: By causing the document(s) listed above to be electronically served in pdf format on the parties indicated below.

| | |
|---|---|
| Brian S. Letofsky, Esq.<br>WATKINS & LETOFSKY, LLP<br>2900 S. Harbor Boulevard, Suite 240<br>Santa Ana, CA 92704<br>Telephone: (949) 476-9400<br>susan.watkins@wl-llp.com | Attorney for Plaintiffs<br>STATE FARM GENERAL INSURANCE<br>COMPANY and STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE COMPANY |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 14th of September 2023, at San Francisco, California.

_____

**Mari Gomez**